UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE BUCKLO
MAGISTRATE JUDGE GILBERT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. **13 CR 0138** |
| | ) |
| v. | ) Violation: Title 21, United States |
| | ) Code, Sections 331(a), 333(a)(2), |
| DOUGLAS A. MURPHY and | ) 342(a)(2)(C)(i), and 348(a); Title 18, |
| HONEY HOLDING I, LTD., | ) United States Code, Sections 3147 and |
| d/b/a Honey Solutions | ) 2 |

**FILED**

FEB 1 2 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

The UNITED STATES ATTORNEY charges:

At times material to this information:

1. The Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., ensured that foods are safe, wholesome, sanitary, and properly labeled. The FDCA defined "food" to include "articles used for food or drink for man or other animals" and components of such food. The FDCA prohibited the delivery and introduction, and causing the delivery and introduction, into interstate commerce of "adulterated" food. Food was considered "adulterated" if, among other reasons, it contained "food additives" for which there was no regulation prescribing the conditions under which it may be safely used in food, nor an exemption allowing its use in food. Chloramphenicol was an antibiotic for which there was no regulation prescribing the conditions under which it could be safely used in honey, nor an exemption allowing its use in honey. Thus, Chloramphenicol was an unsafe food additive, and its presence in honey caused the honey to be adulterated under the FDCA.

2. Defendant HONEY HOLDING I, LTD., d/b/a HONEY SOLUTIONS, was a large industrial honey supplier in the United States, with its principal place of business in Baytown, Texas.

3. Defendant DOUGLAS A. MURPHY was Director of Sales at HONEY HOLDING and between in or about 2003 and May 2008, was responsible for the purchase of wholesale quantities of honey, maintaining relationships with wholesale honey suppliers, and the sale of honey to United States customers, including industrial end users.

4. Alfred L. Wolff GmbH ("ALW Germany") was a German international trading company headquartered and with its principal place of business in Hamburg, Germany, that purchased, imported, exported, distributed, sold, and processed food products, including honey. ALW Germany had subsidiaries, affiliates, and representative offices located throughout the world (collectively "ALW Food Group"), including Alfred L. Wolff, Inc., in Chicago, Illinois ("ALW USA").

5. On or about November 19, 2006, ALW USA caused to be filed CBP entry forms 3461 and 7501 for three container loads of Polish-origin honey from purchase order 995, one container of which was adulterated with Chloramphenicol at a level of 0.6 parts per billion.

6. In or about December 2006, while acting within the scope of his employment and with the intent to benefit defendant HONEY HOLDING, defendant DOUGLAS A. MURPHY while in the course of the discharge of his

duties, caused HONEY HOLDING to issue purchase order 461 and in doing so, agreed to purchase from ALW Food Group the adulterated container of honey from ALW Food Group's purchase order 995 at a discounted price of approximately $26,624, with the price reflecting a cost of 65 cents per pound of honey and with duties paid and delivery to Texas, and did so knowing that the honey was adulterated with Chloramphenicol.

7. Defendants DOUGLAS A. MURPHY and HONEY HOLDING intended to introduce the adulterated honey into the stream of commerce of the United States knowing that the honey was adulterated with Chloramphenicol and intended to conceal from their customers and government authorities that the honey was so adulterated.

8. Defendants DOUGLAS A. MURPHY and HONEY HOLDING sold the adulterated honey to customers knowing that the honey was adulterated and prohibited from entering into the commerce of the United States.

9. On or about December 11, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

> DOUGLAS A. MURPHY, and
> HONEY HOLDING I, LTD.,

defendants herein, with intent to defraud and mislead, did cause to be introduced and delivered for introduction into interstate commerce articles of food intended for human consumption, that is, honey from HONEY HOLDING's purchase order 461 (ALW USA's purchase order 995) that was adulterated within the meaning of Title

21, United States Code, Section 342(a)(2)(C)(i), in that the honey contained an unsafe food additive, that is, Chloramphenicol, an antibiotic not authorized in honey, by authorizing the purchase and delivery of the adulterated honey, which arrived at HONEY HOLDING's facility in Baytown, Texas on or about December 14, 2006;

In violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 348(a), and Title 18, United States Code, Section 2; and

DOUGLAS A. MURPHY,

defendant herein, committed the offense while on release pending appeal pursuant to an order of the United States District Court for the Southern District of Texas, in violation of Title 18, United States Code, Section 3147.

*Gary S. Shapiro/MSS*
UNITED STATES ATTORNEY