

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 2 0 2013

JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13 CR 138-1 |
| vs. | ) | |
| | ) | Honorable Elaine E. Bucklo |
| DOUGLAS A. MURPHY | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, GARY S. SHAPIRO, and defendant DOUGLAS A. MURPHY, and his attorneys, MICHAEL D. MONICO and THEODORE R. EPPEL, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C), as more fully set forth below.  The parties to this Agreement have agreed upon the following:

## Charge in This Case

2.     The information in this case charges defendant with causing to be introduced and delivered for introduction, into interstate commerce, with intent to defraud and mislead, an article of food intended for human consumption, that is, honey, that was adulterated within the meaning of Title 21, United States Code, Section 342(a)(2)(C)(i), in that the honey contained an unsafe food additive, that is, Chloramphenicol, an antibiotic not authorized in honey, in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 348(a), and Title 18, United States Code, Section 2.

3.    Defendant has read the charge against him contained in the information, and that charge has been fully explained to him by his attorneys.

4.    Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information, which charges defendant with causing to be introduced and delivered for introduction, into interstate commerce, with intent to defraud and mislead, an article of food intended for human consumption, that is, honey, that was adulterated within the meaning of Title 21, United States Code, Section 342(a)(2)(C)(i), in that the honey contained an unsafe food additive, that is, Chloramphenicol, an antibiotic not authorized in honey, in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 348(a), and Title 18, United States Code, Section 2.

## Factual Basis

6.    Defendant will plead guilty because he is in fact guilty of the charge contained in the information.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:  On or about December 11, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, DOUGLAS A. MURPHY, with intent to defraud and mislead, did cause to be introduced and delivered for introduction, into interstate commerce, articles

2

of food intended for human consumption, that is, honey from Honey Holding I, Ltd.'s purchase order 461 (Alfred L. Wolff, Inc.'s purchase order 995) that was adulterated within the meaning of Title 21, United States Code, Section 342(a)(2)(C)(i), in that the honey contained an unsafe food additive, that is, Chloramphenicol, an antibiotic not authorized in honey, by authorizing the purchase and delivery of the adulterated honey, which arrived at Honey Holding I, Ltd.'s facility in Baytown, Texas on or about December 14, 2006, in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 348(a), and Title 18, United States Code, Section 2.

More specifically, Honey Holding I, Ltd., d/b/a Honey Solutions, was a large industrial honey supplier in the United States, with its principal place of business in Baytown, Texas. Defendant DOUGLAS A. MURPHY was Director of Sales at Honey Holding and between in or about 2003 and May 2008, was responsible for the purchase of wholesale quantities of honey, maintaining relationships with wholesale honey suppliers, and the sale of honey to United States customers, including industrial end users.

Alfred L. Wolff GmbH ("ALW Germany") was a German international trading company headquartered and with its principal place of business in Hamburg, Germany, that purchased, imported, exported, distributed, sold, and processed food products, including honey. ALW Germany had subsidiaries, affiliates, and

3

representative offices located throughout the world (collectively "ALW Food Group"), including Alfred L. Wolff, Inc. in Chicago, Illinois ("ALW USA").

On or about November 19, 2006, ALW USA caused to be filed CBP entry forms 3461 and 7501 for the three container loads of Polish-origin honey from purchase order 995, one container of which was adulterated with Chloramphenicol at a level of 0.6 parts per billion. Thereafter, in or about December 2006, while acting within the scope of his employment and with the intent to benefit Honey Holding, MURPHY, while in the course of the discharge of his duties, caused Honey Holding to issue purchase order 461 and in doing so, agreed to purchase from ALW Food Group the adulterated container of honey from ALW Food Group's purchase order 995 at a discounted price of 65 cents per pound, with the price reflecting duties paid and delivery to Texas, and did so knowing that the honey was adulterated with Chloramphenicol. MURPHY intended to introduce the adulterated honey into the stream of commerce of the United States knowing that the honey was adulterated with Chloramphenicol and intended to conceal from Honey Holding's customers and government authorities that the honey was so adulterated. In fact, MURPHY, on behalf of Honey Holding, sold the adulterated honey to customers without disclosing its adulterated nature and by falsely representing that it did not contain a prohibited antibiotic.

As a result of this scheme, MURPHY, defrauded Honey Holding's downstream customers of approximately $26,624 in that adulterated honey from

4

purchase order 461 processed and sold by Honey Holding at the direction of MURPHY had no value, yet was sold and delivered to Honey Holding's customers.

At the time of the offense, MURPHY was a defendant in *United States v. Douglas A. Murphy*, No. 01 CR 914-2 (S.D. Tex. 2005), and was on release from custody pending appeal pursuant to an order entered by the United States District Court for the Southern District of Texas.

## **Maximum Statutory Penalties**

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of 13 years' imprisonment pursuant to Title 21, United States Code, Section 333(a)(2) and Title 18, United States Code, Section 3147. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

d.      Defendant understands that the component of his sentence imposed pursuant to Title 18, United States Code, Section 3147 must be imposed consecutively to the sentence for the offense of conviction.

## Sentencing Guidelines Calculations

8.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.      For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**.  The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing.  The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2012 Guidelines Manual.

b.      **Offense Level Calculations.**

i.      The parties agree that the offense of conviction involved fraud, and, accordingly, Guidelines § 2N2.1(a) applicable to the offense of conviction, cross references to Guidelines § 2B1.1 pursuant to Guideline § 2N2.1(c)(1).

       ii.      Pursuant to Guidelines § 2B1.1(a)(2), the base offense level is 6.

       iii.     Pursuant to Guidelines § 2B1.1(b)(1)(C), the offense level is increased by an additional 4 levels because the loss amount is $26,624, which exceeds $10,000 but is less than $30,000.

       iv.     Pursuant to Title 18, United States Code, Section 3147 and Guidelines §3C1.3, the offense level is increased by an additional 3 levels because the defendant committed the offense of conviction while on bond pending resolution of his federal appeal in the conviction described in Paragraph 9(c)(i) below.

       v.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

       vi.     In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court

determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.      **Criminal History Category.**  With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal five and defendant's criminal history category is III:

i.      On or about July 6, 2005, defendant was convicted of one count of conspiring to violate the Foreign Corrupt Practices Act, 12 counts of aiding and abetting the violation of the Foreign Corrupt Practices Act, and one count of obstruction justice in the United States District Court for the Southern District of Texas in case number 01 CR 914-2, and was sentenced to 63 months' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this conviction.

ii.      Because defendant committed the instant offense while under a criminal justice sentence, namely, bond pending resolution of his federal appeal in the conviction described in Paragraph 9(c)(i) above, defendant receives 2 additional criminal history points, pursuant to Guideline § 4A1.1(d).

d.      **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 11, which, when combined with the anticipated criminal history category

8

of III, results in an anticipated advisory Sentencing Guidelines range of 12-18 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and his attorneys and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.    Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Cooperation

10.     Defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil or administrative proceeding in any district in the United States, including any proceedings in the Northern District of Illinois.   Defendant agrees to the postponement of his sentencing until after the conclusion of his cooperation.

## Agreements Relating to Sentencing

11.     At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation as required by this Agreement, then the government shall move the Court, pursuant to Guideline § 5K1.1 to depart from the low end of the applicable Guideline range and to impose the specific sentence agreed to by the parties as outlined below. Defendant understands that the decision to depart from the applicable guidelines range rests solely with the Court.

12.     If the government moves the Court, pursuant to Sentencing Guideline § 5K1.1 to depart from the applicable Guideline range as set forth in the preceding paragraph, this Agreement will be governed, in part, by Federal Rule of Criminal

Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 5 months' imprisonment on the count of conviction and 1 additional month of imprisonment to be served consecutively pursuant to Title 18, United States Code, Section 3147, for a total of 6 months' imprisonment. In addition, the sentence shall include a fine of $26,624. Other than the agreed term of incarceration and fine, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration and fine set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d) and (e). If, however, the Court refuses to impose the agreed term of incarceration and fine set forth herein, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement.

13.    If the government does not move the Court, pursuant to Sentencing Guideline § 5K1.1 to depart from the applicable Guideline range and the statutory minimum sentence, if applicable, as set forth above, this Agreement will not be governed, in any part, by Federal Rule of Criminal Procedure 11(c)(1)(C), the preceding paragraph of this Agreement will be inoperative, both parties shall be free to recommend any sentence, and the Court shall impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing

Guidelines, and the statutory minimum sentence, if it applies, without any downward departure for cooperation pursuant to § 5K1.1. Defendant may not withdraw his plea of guilty because the government has failed to make a motion pursuant to Sentencing Guideline § 5K1.1.

14.     Regarding restitution, the parties acknowledge that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution to the victim of the offense of conviction. The parties further agree, however, that the identification of the victims of the offense and the amount of individual losses would require the determination of complex issues of facts that would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process. Therefore, pursuant to Title 18, United States Code, § 3663A(c)(3), the parties agree to request that the Court not order any restitution. The parties agree, as set forth in paragraph 12 above, that the defendant shall pay a fine of $26,624.

15.     In the event the Court orders restitution, it shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k) he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

12

16.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

18.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 13 CR 138.

19.     This Plea Agreement concerns criminal liability only.   Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity.   The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

20.     Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant or defendant's partnership or corporations.

### Waiver of Rights

21.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Right to be charged by indictment**. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorneys would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorneys would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear

15

voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

> vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

> c. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Plea Agreement. Defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28,

United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

> d.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorneys have explained those rights to him, and the consequences of his waiver of those rights.

22.     Defendant understands that he has the right to have the criminal charges in the information brought within five years of the last of the alleged acts constituting the specified violation. By signing this document, defendant knowingly waives any right to have the charges in the information brought against him within the period established by the statute of limitations. Defendant also knowingly waives any defense or claim based upon the statute of limitations or upon the timeliness with which the charges in the information was brought.

### Waiver of Conflict-Free Counsel

23.     Defendant understands that he has the right to retained counsel of his choice, and to a conflict free counsel. Understanding this, defendant knowingly waives any claim arising from the fact that his counsel also represents co-defendant

17

Honey Holding. Defendant has had the opportunity to consult with independent counsel concerning this waiver, and has knowingly declined to do so.

### Presentence Investigation Report/Post-Sentence Supervision

24.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

25.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

26.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or

probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

27.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

### Conclusion

28.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

29.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its

option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

30. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

31. Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

32.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorneys.     Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:  2/20/13

GARY S. SHAPIRO
United States Attorney

DOUGLAS A. MURPHY
Defendant

ANDREW S. BOUTROS
Assistant U.S. Attorney

MICHAEL D. MONICO
Attorney for Defendant

THEODORE R. EPPEL
Attorney for Defendant

21